THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JULIUS BLADEK, Plaintiff in Error.

*Opinion filed June 18, 1913.*

1. CRIMINAL LAW—*statute requiring names of witnesses to be endorsed on indictment is mandatory.* The statute requiring the foreman of the grand jury to endorse the names of witnesses on the indictment is mandatory, and its requirement is confined to the name or names of the witness or witnesses upon whose evidence the indictment is found.

2. SAME—*when fact that wife of accused testified before grand jury is not ground for quashing indictment.* The mere fact that the wife of the accused was subpœnaed and required to testify before the grand jury is not ground for quashing the indictment, even though such procedure is highly improper, where the names of other witnesses besides the wife's are endorsed on the indictment who are not shown to have been incompetent, and it is not shown what the wife or any other witness stated before the grand jury.

3. SAME—*when court will not inquire into question of evidence before grand jury.* The court will not inquire into the proceedings before the grand jury to determine whether the evidence heard was sufficient to support the indictment unless all of the witnesses, and not merely one of them, were incompetent.

4. SAME—*effect of endorsing names of witnesses on an indictment.* The endorsing of the names of witnesses upon an indictment establishes the fact that the indictment was found, in part, upon testimony which they gave.

WRIT OF ERROR to the Circuit Court of Putnam county; the Hon. T. N. GREEN, Judge, presiding.

O. W. BATRUM, and W. A. PANNECK, for plaintiff in error.

P. J. LUCEY, Attorney General, HARRY K. WARD, State's Attorney, and C. H. LINSCOTT, for the People.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

Under an indictment for murder, plaintiff in error was convicted of the crime of manslaughter in the circuit court of Putnam county. Motions for new trial and in arrest of judgment were overruled and plaintiff in error was sentenced to serve an indeterminate term of imprisonment in the penitentiary at Joliet.

Before plea, plaintiff in error moved to quash the indictment on the ground that his wife, Josephine Bladek, had been compelled to testify before the grand jury and that she was one of the witnesses upon whose testimony the indictment was found. The sole question raised here is whether the circuit court erred in overruling the motion to quash. The names of five other witnesses besides Josephine Bladek were endorsed upon the indictment, pursuant to section 17 of the act concerning jurors, which requires the foreman of the grand jury to note on each true bill returned, the name or names of the witness or witnesses upon whose evidence the same shall have been found. As this statute is mandatory and its requirement is confined to the names of those upon whose evidence the indictment is found, (*Andrews* v. *People*, 117 Ill. 195,) it follows that the bill was found upon the evidence of the six persons whose names were endorsed thereon, one of whom was the wife of plaintiff in error.

The motion to quash is supported by the affidavit of Josephine Bladek, which sets forth, in substance, that she is the wife of plaintiff in error; that she had been subpœnaed to appear before the grand jury and over her pro-

test was compelled to testify against her husband. The affidavit does not state the facts to which she testified, and this was the only showing made either in support of or against the motion. There was nothing to indicate what any of the witnesses testified to before the grand jury.

The wife of plaintiff in error was clearly an incompetent witness, and the procedure compelling her to appear before the grand jury was highly improper and without any authority in law, and if the bill had been returned upon her testimony alone, the motion to quash should have been sustained. However, it appears that there were five other witnesses who testified before the grand jury, and it must be presumed from the fact that their names were endorsed upon the bill pursuant to the statute, that the indictment was found, in part at least, upon their testimony. The authorities are practically uniform that courts will not inquire into proceedings had before the grand jury for the purpose of determining whether the evidence heard by that body was sufficient to support the indictment, unless all the witnesses were incompetent. *State* v. *Coates,* 130 N. C. 701, is a well considered case on this question. The facts there were identical with those presented here. In that case, as here, the wife of the defendant testified before the grand jury, but she was not offered as a witness, and did not testify, on the trial. The authorities are there considered at some length, and from them the court makes this deduction: "The law is uniformly held by many decisions,—and not one has been found to the contrary,—as follows: When an indictment is found upon testimony all of which is incompetent or of witnesses all of whom were disqualified, the bill will be quashed; but when some of the testimony or some of the witnesses before the grand jury were incompetent, the court will not go into the barren inquiry how far such testimony or such witnesses contributed to finding the bill, which is merely a charge, but will admit the competent witnesses or testimony on the trial

before the petit jury, and if sufficient to satisfy the jury, beyond a reasonable doubt, of the prisoner's guilt the judgment will not be arrested, for such verdict establishes in the most conclusive mode that the incompetent evidence was mere surplusage in making out a *prima facie* case before the grand jury and works no prejudice to the prisoner."

As the testimony of competent witnesses had been received by the grand jury, the circuit court properly overruled the motion to quash.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*