## The People of the State of Illinois, Defendant in Error, v. Walter Haxton, alias Pete Haxton, Plaintiff in Error.

1. INDICTMENT AND INFORMATION, § 12*—*necessity of foreman of grand jury indorsing names of witnesses on back of indictment.* The provisions of Rev. St. ch. 78, sec. 17 (J. & A. ¶ 6847), requiring the names of the witnesses on whose evidence the indictment is found to be indorsed on the back of the indictment by the foreman of the grand jury, is mandatory.

2. INDICTMENT AND INFORMATION, § 12*—*when omission of names of witnesses on back of indictment is fatal.* While a failure to comply with the provisions of Rev. St. ch. 78, sec. 17 (J. & A. ¶ 6847), requiring the names of witnesses on whose evidence the indictment is found to be indorsed on the back of the indictment by the foreman of the grand jury, is an irregularity that may be waived by the defendant, if a motion to quash, based upon such failure, is interposed in apt time, the omission is fatal to the indictment.

Error to the County Court of Morgan county; the Hon. WILLIAM E. THOMSON, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded with directions. Opinion filed October 11, 1917.

H. P. SAMUELL and JOHN M. BUTLER, for plaintiff in error.

CARL E. ROBINSON, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

The plaintiff in error, Walter Haxton, *alias* Pete Haxton, was indicted by the grand jury of Morgan county, Illinois, in May, 1916, for the violation of the statute against selling liquor in anti-saloon territory. The indictment was certified to the County Court for trial. There were no names of witnesses indorsed on the back of the indictment. Before the plaintiff in error was arraigned he made his motion to quash the in-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dictment on the ground that the foreman of the grand jury had not indorsed on the back of the indictment the names of the witnesses upon whose testimony the indictment was found, as required by section 17 of chapter 78, Rev. St. (J. & A. ¶ 6847). The section referred to reads as follows:

"After the grand jury is impaneled, it shall be the duty of the court to appoint a foreman, who shall have power to swear or affirm witnesses to testify before them, and whose duty it shall be, when the grand jury, or any twelve of them, find a bill of indictment to be supported by good and sufficient evidence, to indorse thereon 'A true bill;' where they do not find a bill to be supported by sufficient evidence, to indorse thereon 'Not a true bill;' and shall, in either case, sign his name as foreman, at the foot of said indorsement, and shall also, in each case in which a true bill shall be returned into court as aforesaid, note thereon the name or names of the witness or witnesses upon whose evidence the same shall have been found."

The provision of this section requiring the names of witnesses on whose evidence the indictment is found to be indorsed on the back of the indictment by the foreman is mandatory. *People v. Bladek,* 259 Ill. 69; *Andrews v. People,* 117 Ill. 195. While a failure to comply with those requirements is an irregularity that may be waived by a defendant, if a motion to quash based on such failure is interposed in apt time, the omission is fatal to the indictment. *McKinney v. People,* 7 Ill. (2 Gilm.) 540-552.

The only authority cited by defendant in error in an attempt to justify the court in overruling the motion to quash is the case of *McDonald v. People,* 49 Ill. App. 357, in which it is said: "This was a misdemeanor, and the law does not require witnesses' names to be placed on the back of the indictment as conceded by counsel for plaintiff in error."

That case, however, is not in point here. The question in that case was whether the court erred in permitting witnesses to testify whose names are not indorsed on the indictment. So far as it appears from the opinion in that case, the indictment had indorsed upon it the names of witnesses upon whose evidence it was returned, and there is nothing to indicate that the foreman had failed to indorse upon the back of the indictment the name of any witness who had testified before the grand jury.

If the language quoted was intended to be understood literally, and to be a holding that the law does not require the names of the witnesses on whose evidence the indictment is found to be indorsed on the indictment, it is not only *obiter dicta* but is in direct conflict with the holdings of the Supreme Court in the cases already cited. If, on the other hand, it was intended, to express the view that witnesses whose names are not indorsed on the indictment may, in the discretion of the court, be called on the trial, then it is in accord with the weight of authority in this State. In view of the fact that it was this point that was involved in that case, we are inclined to presume that the language employed was intended to be used in the last-mentioned sense.

The motion to quash was made in apt time, and should have been sustained and the indictment quashed.

The judgment of the County Court is reversed and the cause is remanded to that court with directions to sustain the motion to quash and to quash the indictment.

*Reversed and remanded with directions.*