The People of the State of Illinois, Defendant in Error,
v. Wallace G. Siemen, Plaintiff in Error.

Gen. No. 8,646.

Opinion filed November 22, 1933.

REUBEN R. TIFFANY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, J. J. NEIGER, Assistant Attorney General, and HARRY C. TEAR, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Fred E. Hammond, Ralph M. Hammond, and Wallace G. Siemen were respectively president, vice president, and cashier of the State Bank of Stockton, Illinois. This bank was closed by the auditor of public accounts on September 6, 1928. The grand jury of said county returned an indictment against the above named parties on November 7, 1929, charging each of the said defendants with the crime of receiving a de-

posit of $55 from one Leonard S. Beattie, when at the time of receiving said deposit, the said bank was insolvent and that each of said defendants had knowledge of that fact.

There were two counts of the indictment which were substantially the same, with the exception that the second count charged that Beattie deposited a certain check for the payment of $125.

The State's attorney elected to try the defendant, Wallace G. Siemen, upon the first count of the indictment.

The defendants were admitted to bail and two of them, Ralph M. Hammond and Wallace G. Siemen, on February 7, 1930, filed a motion challenging the array of the grand jury. The motion was supported by affidavits. The motion alleged substantially that certain of the grand jurors were depositors in the State Bank of Stockton at the time it was closed; that some of the grand jurors were otherwise interested in the proceeding to liquidate said bank. The defendants' motion challenging the array of the grand jury was overruled, and they reserved an exception to this ruling. The plaintiff in error then filed a motion that the State's attorney be required to furnish him a copy of the evidence of Justin Jagar, who was a witness before the grand jury, and whose name was not noted on the indictment by the foreman of the grand jury. The said motion stated further that the defendant Siemen desired to file a motion to quash the indictment. This motion was granted and the State's attorney furnished the defendants with a copy of the evidence given by Justin Jagar before the grand jury.

The defendants, Hammond and Siemen, filed a motion to quash the indictment and attached to the motion an affidavit of Justin Jagar, and the defendant Siemen; a copy of the testimony given by Justin Jagar before the grand jury was also attached. The affidavit

shows that Justin Jagar was chief bank examiner for the Northern District of Illinois; that he appeared before the grand jury and gave testimony in the investigation of the case of the State Bank of Stockton, and Fred E. Hammond, Ralph M. Hammond and Wallace G. Siemen, with reference to the subject matter as set forth in the above indictment; that it is their belief that Jagar gave evidence in reference to the subject matter then being investigated before the grand jury. A motion to quash the indictment was overruled. The defendant, Wallace G. Siemen, asked for and was granted a separate trial from the other defendants.

During the month of April, 1932, a jury was selected, evidence offered, and the jury brought in a verdict finding the plaintiff in error guilty and fixed his punishment at imprisonment in the penitentiary, and also fined him $110, this amount being twice the amount of the $55 deposited to Leonard S. Beattie's account as charged in the indictment.

Cahill's St. ch. 78, ¶ 19 (section 1, ch. 78 of Smith-Hurd's Revised Statutes, 1933), provides: "No grand jury shall make presentments of their knowledge, upon the information of a less number than two of their own body, unless the juror giving the information is previously sworn as a witness, in which case, if the evidence shall be deemed sufficient, an indictment may be found thereon in like manner as upon the evidence of any other witness who may not be of the jury." In the case of *Musick v. People*, 40 Ill. 268, 272, the court uses the following language: "When it is remembered, that under our practice an indictment may be preferred on the information of any two members of the grand jury without being sworn as witnesses, or on the oath of one only, we cannot see how they could be challenged for having formed and expressed an opinion of the prisoner's guilt. If that could be done, then, under

our practice, the accused could, by challenge of such jurors, prevent a finding in that mode, as the jurors having knowledge of facts sufficient to warrant an indictment, would certainly entertain the belief of his guilt. We are rather inclined to the opinion, that this forms no ground of a challenge to a grand juror; but if it does, the objection should be taken, as in the case of a petit juror, before he has taken the oath. *State v. Rickey,* 5 Halstead, 83. Otherwise great inconvenience and delay, if not an obstruction to the administration of justice, might ensue. And such was the rule adopted in the trial of Colonel Burr, but the exception in that case was to the manner in which the jury had been selected, and illustrates the practice in such proceedings.''

From the wording of the statute and the expression of the Supreme Court, it is quite evident that a grand juror may have knowledge of a particular crime and not be disqualified for serving as a member of the grand jury.

In this case the State is not attempting to recover from the defendant any money that a creditor of the bank would be entitled to, but was prosecuting the defendant for a criminal act for receiving a deposit that had become a part of the assets of the bank. It is our opinion that the court properly overruled the challenge to the array of grand jurors.

Numerous other objections are urged by the plaintiff in error why this judgment should be reversed, but it is our opinion that the evidence clearly shows and sustains the charge that the plaintiff in error as cashier of the State Bank of Stockton, accepted a deposit of $55 from the witness Leonard S. Beattie, knowing at the time that the bank was insolvent. We find no reversible error by the court in the admission or rejection of evidence presented to the jury. The instructions fairly present the law of the case.

The plaintiff in error, in due time, entered a motion to quash the indictment for the reason that Justin Jagar had appeared before the grand jury and gave material evidence concerning the plaintiff in error, and that Jagar's name was not indorsed on the back of the indictment as a witness upon whose evidence the indictment was found.

The plaintiff in error has cited several cases that would seem to hold that such an omission was fatal to the indictment, but an examination of these cases discloses this question was not squarely presented to the court for adjudication. In the case of *McKinney v. People,* 2 Gilm. (Ill.) 540, 552, the first case cited by the plaintiff in error, this question was not involved, as the court, after stating the rule, that if there had been such an omission and a motion properly made to quash the same, the indictment should be quashed, proceeded to say: "As it does not appear from the record but that the names of the witnesses were endorsed on the indictment we are bound to presume that they were."

In the case of *Andrews v. People,* 117 Ill. 195, the court states that the statute requiring the foreman of the grand jury to note on the indictment the names of the witnesses upon whose evidence the same is found is mandatory and a disregard of this requirement would, no doubt, be sufficient ground to authorize, upon proper motion to quash the indictment. But in this case a decision of the question before us was not necessary, for later in the case the court says: "Here are the names of five witnesses noted on the indictment by the foreman of the grand jury as required by the Statute and the presumption is, in the absence of a contrary showing, that they were the witnesses and the only witnesses upon whose evidence an indictment was found."

The case of *People v. Bladek,* 259 Ill. 69, is one in which the wife of the defendant was compelled to testify before the grand jury, and it was urged at the time of the trial that the indictment should be quashed for the reason that the indictment was based upon incompetent evidence, but the court says, ''The trial court would not inquire into the proceedings before the grand jury to determine whether the evidence heard was sufficient to support the indictment unless all the witnesses, and not merely one of them, were incompetent.'' So in this case as in the other ones cited by the plaintiff in error, the exact question that this court has to decide is not involved in that suit.

In *People v. Haxton,* 207 Ill. App. 584, the Appellate Court of the Third District held that the county court of Morgan county erred in not sustaining a motion to quash an indictment charging the defendant with the violation of the statute in selling liquor in anti-saloon territory, for the reason that the names of the witnesses were not indorsed on the indictment. An examination of that case discloses that *no names* were indorsed on the back of the indictment. So the exact question presented in the case, in this court, was not passed upon in that case; however, the court in the *Haxton* case cited the same cases as authority for their position as plaintiff in error does in this case.

Since this case was submitted to this court our Supreme Court in the case of *People v. Kingsbury,* reported in 353 Ill. 11, has passed upon this identical question and in their opinion reviewed the earlier cases. In passing upon this question they say: ''Another ground of the motion to quash was that the indictment was found on the evidence of Wallace J. Black before the grand jury and his name was not indorsed upon the back thereof, as required by section 17 of the Jurors act. It is shown by evidence heard on

the motion to quash, that Black did appear at least two times before the grand jury that found the indictment, and that the grand jury returned thirty-six indictments against Kingsbury, Hops and Denhart. The State's attorney and Black testified that Black testified before the grand jury in connection with its investigation relating to a charge against the officers of the bank of receiving deposits knowing the bank to be insolvent but did not testify concerning the offense of making a false statement to the Auditor of Public Accounts. The statute requiring the indorsement on the indictment of the names of the witnesses on whose evidence it is found is mandatory. (*People v. Bladek,* 259 Ill. 69; *Andrews v. People,* 117 id. 195.) The names of eighteen witnesses were indorsed on the back of the indictment in this case, and the presumption is, in the absence of a showing to the contrary, that they are witnesses, and the only witnesses, on whose evidence the indictment was found. (*Andrews v. People, supra.*) There was no showing that the finding of the indictment in this case was in any part upon the evidence of Black. There was no error committed in overruling the motion to quash the indictment."

On the trial of this case it was not necessary for the prosecution to call Jagar as a witness against the defendants as the proof was sufficient to show that the bank was insolvent. Before the trial the plaintiff in error demanded of the State's attorney and was given a transcript of the evidence of Justin Jagar, so that he had full knowledge of what the testimony was before the grand jury. What error, if any, was purely technical, and we are of the opinion that the plaintiff in error had a fair and impartial trial and the trial court did not err in overruling his motion to quash the indictment.

For the reasons above stated the judgment of the circuit court of Jo Daviess county is hereby affirmed.

*Judgment affirmed.*