(Nos. 35201, 25202 Cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* WILLARD JONES, Defendant in Error.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* HELEN JONES *et al.,* Defendants in Error.

*Opinion filed March 31, 1960.*

LATHAM CASTLE, and GRENVILLE BEARDSLEY, Attorneys General, both of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY and EDWIN A. STRUGALA, Assistant State's Attorneys, of counsel,) for the People.

WILLIAM C. STARKE, and HOWARD T. SAVAGE, both of Chicago, for defendants in error.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

In March, 1957, the grand jury returned two indictments in the criminal court of Cook County charging the defendants Willard Jones and Helen Jones with illegal possession of narcotics in violation of sections 2 and 23 of the Uniform Narcotic Drug Act. (Ill. Rev. Stat. 1955, chap. 38, par. 192.2 and 192.23. Defendants' motion to quash the indictments was sustained and the Appellate Court affirmed this order. (*People* v. *Jones,* 20 Ill. App.2d 63.) A writ of error has been issued from this Court to review the judgment of the Appellate Court.

Prior to the return of the indictments in the criminal court, there were certain proceedings in the municipal court of Cook County which must be considered for a proper understanding of the case. In December, 1956, two search warrants were issued by said court, authorizing the search of certain premises for narcotics. The warrants were executed and the officers found a large quantity of heroin and marijuana which was returned to the municipal court. Defendants were arrested and informations were filed in said court charging them with unlawful possession of narcotics. Defendants pleaded not guilty in the municipal court and

the case was set for trial. Defendants filed a motion to quash the search warrants and suppress the evidence which had been obtained in the search. After a hearing on that motion, the municipal court ordered the warrants quashed and the evidence suppressed. The State's Attorney then moved for a *nolle prosequi* and the court granted the motion, dismissed each case and discharged the defendants. Shortly thereafter, the State's Attorney appeared before the grand jury of the criminal court and presented the evidence which had been secured in the searches and also the testimony of the officers conducting the search. The grand jury returned indictments against defendants charging them with unlawful possession of narcotics, the identical crime with which they were charged in the municipal court. It is these indictments which are in question here.

In the criminal court, defendants filed a motion to quash the indictments and a plea in bar. Each of these motions was stricken and an amended motion to quash the indictments was filed. That motion set forth all of the proceedings in the municipal court and alleged that the only evidence before the criminal court grand jury was the testimony of the officers and the narcotics. It was alleged that the evidence was obtained through a search under an invalid warrant, that the evidence and the testimony of the officers as to information acquired by them in the search was illegal, improper, inadmissible and incompetent and could not be introduced at the trial of the case. It was further alleged that the effect of the actions of the State's Attorney was to obtain a change of venue. Finally, it was asserted that the ruling of the municipal court on the motion to suppress was final and *res judicata*.

At the hearing on the motion to quash the indictments, the judge stated that in his opinion there were two questions involved. First, whether the ruling of the municipal court was *res judicata*; and second, if it was, whether there was any other evidence before the grand jury to support the

indictments. The judge held that the order of the municipal court was conclusive and binding upon the criminal court and then proceeded to hear testimony as to what evidence was presented to the grand jury. At the conclusion of that hearing, the court stated that the only evidence before the grand jury, aside from the evidence obtained in the search, was testimony that the officers had received information from an informer to the effect that defendants had narcotics in their possession. The court ruled that since this evidence was hearsay, there was no competent evidence before the grand jury and entered an order quashing the indictments. The Appellate Court likewise held that the order of the municipal court, quashing the warrants, was final and *res judicata* and that the evidence suppressed by the municipal court could not be properly submitted to the criminal court grand jury, but it did not consider the question of whether there was any other evidence before the grand jury.

Both the trial court and the Appellate Court proceeded upon the assumption that they had the right to look into the proceedings before the grand jury to determine whether the evidence before that body was competent.

Although there is a great deal of authority on the subject, varying views have been expressed. (See cases collected in 4 Wharton's Criminal Law and Procedure, section 1852; Underhill's Criminal Evidence, section 75; 62 Harv. L. Rev. 111; 38 Yale L. J. 680; Note 24 A.L.R. 1432.) It is well established in this State that an indictment cannot be challenged as being based in part on incompetent evidence. (*People* v. *Lambersky,* 410 Ill. 451; *People* v. *Derrico,* 409 Ill. 453,) but there is apparently some doubt as to whether it may be assailed as being based on wholly incompetent evidence.

In *People* v. *Nall,* 242 Ill. 284, a special attorney for the State appeared before the grand jury which returned an indictment against the defendant. The defendant moved the trial court to quash the indictment and attempted to

question the special counsel and the grand jury foreman as to how the special counsel had testified before the grand jury. This court affirmed the trial court in refusing to permit any inquiry as to what a witness had testified to before the grand jury for the purpose of quashing the indictment.

In *People* v. *Bladek,* 259 Ill. 69, the wife of the defendant was compelled to testify before the grand jury despite the fact that she was incompetent to testify against him. A motion to quash the indictment on the ground that it was based on the testimony of the wife was denied. In the course of the opinion the following language from a North Carolina case was quoted with approval: " 'When an indictment is found upon testimony all of which is incompetent or of witnesses all of whom were disqualified, the bill will be quashed; * * *.' " The court went on to hold, however, that since the testimony of competent witnesses had been received by the grand jury, the circuit court properly overruled the motion to quash. The inescapable conclusion of the *Bladek case* is that if competent witnesses testified before the grand jury, their testimony was competent and the indictment was properly based thereon.

On numerous occasions since the *Bladek case,* this court has stated that an indictment will not be quashed unless all the witnesses were incompetent or all the testimony upon which it was found was incompetent. (*People* v. *Looney,* 314 Ill. 150; *People* v. *Gould,* 345 Ill. 288; *People* v. *Price,* 371 Ill. 137; *People* v. *Wheeler,* 403 Ill. 78; *People* v. *Derrico,* 409 Ill. 453; *People* v. *Lambersky,* 410 Ill. 451; *People* v. *Orr,* 10 Ill.2d 95.) The use of the word "incompetent" with reference to both the witnesses and testimony before a grand jury is misleading. Undoubtedly its meaning has been troublesome to the bench and bar, as evidenced by the fact that the very able trial judge here interpreted "competent" evidence before a grand jury to be that evidence admissible in the trial of the cause. We in-

terpret the *Bladek* and subsequent cases to mean that "incompetent testimony" before a grand jury is only that testimony given by a witness disqualified by law (such as complete mental derangement); and, therefore, if the witness is competent, his testimony before the grand jury is competent.

The United States Supreme Court has recently considered what evidence an indictment may be based upon in *Costello* v. *United States,* 350 U.S. 359, 100 L. ed. 397. There only hearsay evidence was presented to the grand jury which indicted Costello. He argued that such an indictment violated his constitutional right under the fifth amendment. The court in considering this argument stated: "neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act. The grand jury is an English institution, brought to this country by the early colonists and incorporated in the Constitution by the Founders. There is every reason to believe that our constitutional grand jury was intended to operate substantially like its English progenitor. The basic purpose of the English grand jury was to provide a fair method for instituting criminal proceedings against persons believed to have committed crimes. Grand jurors were selected from the body of the people and their work was not hampered by rigid procedural or evidential rules. In fact, grand jurors could act on their own knowledge and were free to make their presentments or indictments on such information as they deemed satisfactory. Despite its broad power to institute criminal proceedings the grand jury grew in popular favor with the years. It acquired an independence in England free from control by the Crown or judges. Its adoption in our Constitution as the sole method for preferring charges in serious criminal cases shows the high place it held as an instrument of justice. And in this country as in England of old the grand jury has convened as a body of laymen, free from technical rules,

acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor." (350 U.S. 359, 362.) It concluded that: "An indictment returned by a legally constituted and unbiased grand jury, * * * if valid on its face, is enough to call for trial of the charge on the merits." (350 U.S. 359, 363.) The court also refused, on policy grounds, to establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence.

There can be no right to challenge an indictment as being founded on wholly incompetent evidence under the fourteenth amendment (See *Hurtado* v. *California,* 110 U.S. 516, 28 L. ed. 232,) and, adopting the construction given to the fifth amendment in *Costello* v. *United States,* we hold that such a right does not exist under section 8 of article II of our State constitution.

The question then is whether it will further the administration of justice to permit defendants to challenge indictments on that ground. The law favors promptness in the dispatch of criminal business of the courts when in harmony with the effective protection of the rights of the accused and the interests of the public. The delay is great when an accused can assail an indictment on this ground and cause the trial court to review all the evidence presented to the grand jury, as was done in this case. Such procedure adds nothing to the assurance of a fair trial to which the accused is entitled. We are of the opinion that the trial court should not inquire into the adequacy and competency of the evidence before the grand jury.

In conclusion, we hold that it is neither necessary nor proper, in ruling upon a motion to quash an indictment, to consider the evidence before the grand jury. For the reason expressed herein, the judgment of the Appellate Court for the First District is reversed and the cause is remanded to the criminal court of Cook County for further proceedings consistent with this opinion.

*Reversed and remanded, with directions.*