THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. FREDERICK RODGERS, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARVIN REED, Defendant-Appellee.

Second District   Nos. 80-742, 80-769 cons.

Opinion filed August 5, 1981.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randy Johnson, of Miller, Feda and Barbosa, and Van R. Richards, of Geister, Schnell, Richards and Brown, both of Elgin, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

In these consolidated cases, the State appeals from orders of the circuit court of Kane County dismissing certain counts of indictments returned by the grand jury against defendants, Marvin Reed and Frederick E. Rodgers, on the grounds no evidence was presented to the grand jury in support of the charges.

Defendant Marvin Reed was charged by an 11-count indictment with felony theft and conspiracy to commit felony theft of a motor vehicle. He moved to dismiss three of the conspiracy counts in the indictment, contending that no evidence supporting those charges was presented to the grand jury. Counsel for defendant advised the trial court in oral argument of the motion that after reading nearly 600 pages of grand jury testimony presented in the case he found no evidence of a conspiracy between his client and those persons named in the indictment as co-conspirators. The State argued, as it does on appeal, that the trial court was not authorized to inquire into the sufficiency of the evidence considered by the grand jury. The trial court, without reading the transcripts of the grand jury testimony and in apparent reliance upon defense counsel's assessment of the evidence considered by the grand jury, rejected the State's argument and dismissed three of the five conspiracy counts in the indictment against Reed.

Defendant Frederick E. Rodgers was charged by an indictment returned by a different grand jury with conspiracy to commit theft of a motor vehicle. He too sought dismissal of the indictment on the grounds there was no evidence to support that charge in either the testimony heard by the grand jury or in reports furnished to defendant by the State. Rodgers' motion to dismiss was heard by a different circuit judge than had heard the similar motion in the associated *Reed* case. Being aware of the adverse ruling made there, the State argued alternately that the trial court was not authorized to inquire into the sufficiency of the evidence

before the grand jury and, also, that there was in fact sufficient evidence before the grand jury of the conspiracy charge against defendant Rodgers to support the indictment. The trial judge reviewed the grand jury transcripts and thereafter dismissed the indictment against Rodgers, citing a lack of evidence to support it.

The State contends these courts erred in dismissing the charges against defendants, asserting they were precluded by established case law from inquiring into the sufficiency of the evidence considered by a grand jury. (See, *e.g.*, *People v. Creque* (1978), 72 Ill. 2d 515, 382 N.E.2d 793, *cert. denied* (1979), 441 U.S. 912, 60 L. Ed. 2d 384, 99 S. Ct. 2010.) Defendants contend that the requirements of due process and the Illinois statutes require that some evidence be presented to a grand jury and that a court has inherent power to dismiss an indictment where no evidence to support the charges was heard by a grand jury. (See, *e.g.*, *United States v. Costello* (2d Cir. 1955), 221 F. 2d 668, *aff'd on other grounds* (1956), 350 U.S. 359, 100 L. Ed. 397, 76 S. Ct. 406; Ill. Rev. Stat. 1979, ch. 38, par. 112—4.) It appears that the issue, as framed by defendants, is whether a trial court may look behind an indictment which is valid on its face to determine if any evidence was presented to a grand jury to support a charge.

We note initially that the State's alleged failure to offer any evidence in support of these charges to the grand jury is not included in the specified grounds upon which an indictment may be dismissed found in section 114—1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)). It has been held, nevertheless, that a trial court has inherent authority to dismiss an indictment when there has been an "unequivocally clear denial of due process." (*People v. Lawson* (1977), 67 Ill. 2d 449, 456, 367 N.E.2d 1244, 1247; *People v. Leannah* (1979), 72 Ill. App. 3d 504, 506, 391 N.E.2d 187, 189.) Trial courts have been cautioned, however, to proceed with restraint in such cases, and a due process violation may be remedied only when it can be ascertained with certainty. *Lawson*, 67 Ill. 2d 449, 457, 367 N.E.2d 1244, 1247.

■■ The 1970 Illinois Constitution, upon which defendants must rely,[1] guarantees persons will not be deprived of their liberty without due process of law. (Ill. Const. 1970, art. I, §2.) It also provides that no person may be held to answer to a felony charge unless he has either been indicted by a grand jury or given a prompt preliminary hearing to

---

[1] The fifth amendment right to indictment has not been incorporated into the due process clause of the fourteenth amendment to the Federal Constitution. (See *Hurtado v. California* (1884), 110 U.S. 516, 28 L. Ed. 232, 4 S. Ct. 111.) Lacking a Federal constitutional right to any indictment, defendants' reliance on fourteenth amendment due process notions to support dismissal of these charges appears to be misplaced. See *People v. Redmond* (1977), 67 Ill. 2d 242, 367 N.E.2d 703.

establish probable cause where charges have been directly presented to the circuit court by complaint or information filed by the State's Attorney. (Ill. Const. 1970, art. I, §7.) When the State has chosen to proceed by first presenting a case to a grand jury, and it returns an indictment, a defendant is not entitled to a further hearing in court to test the probable-cause determination made by the grand jury, whether by means of a preliminary hearing (*People v. Cawley* (1979), 77 Ill. App. 3d 780, 784, 396 N.E.2d 865, 868-69; *People v. Grew* (1979), 69 Ill. App. 3d 663, 667-68, 387 N.E.2d 926, 929), or in an evidentiary hearing of a motion to dismiss the indictment. *E.g., People v. Creque* (1978), 72 Ill. 2d 515, 527, 382 N.E.2d 793, 798, *cert. denied* (1979), 441 U.S. 912, 60 L. Ed. 2d 384, 99 S. Ct. 2010; see also *People v. Arbogast* (1976), 41 Ill. App. 3d 187, 191, 353 N.E.2d 434, 438.

We note that although the general assembly is constitutionally empowered to abolish or limit the use of the grand jury (Ill. Const. 1970, art. I, §7), it has not chosen to do so. Nor has it sought to interpose the requirement of a judicial probable cause hearing following the return of an indictment, regular in form, by a legally constituted grand jury. Defendants concede in the present cases that the indictments are valid on their face.

The grand jury and prosecutor, however, may not proceed in a manner which offends due process of law. (*People v. Sears* (1971), 49 Ill. 2d 14, 36, 273 N.E.2d 380, 392.) Defendants seek to distinguish *Creque* and earlier cases (see, *e.g., People v. Wheeler* (1949), 403 Ill. 78, 84 N.E.2d 832; *People v. Bladek* (1913), 259 Ill. 69, 102 N.E. 243), and contend that the return of an indictment which is not supported by any evidence constitutes a violation of the grand jurors' oaths and of due process. They cite cases from other jurisdictions which lend some support to their arguments. (See *United States v. Costello* (2d Cir. 1955), 221 F. 2d 668, *aff'd on other grounds* (1956), 350 U.S. 359, 100 L. Ed. 397, 76 S. Ct. 406; *Brady v. United States* (8th Cir. 1928), 24 F. 2d 405; *Greenberg v. Superior Court* (1942), 19 Cal. 2d 319, 121 P. 2d 713, and cases cited therein.) Other jurisdictions take a contrary view. See *United States v. Addington* (10th Cir. 1973), 471 F. 2d 560; Annot., 59 A.L.R. 567 (1929), and supplements thereto; see also 42 C.J.S. *Indictments & Informations* §24(c)(1) (1944).

A similar issue was presented in *People v. Melson* (1977), 49 Ill. App. 3d 50, 363 N.E.2d 888, where the trial court had dismissed an indictment on the grounds that the grand jury did not have any evidence before it of defendant's mental state, which was an essential element of the offense for which he was indicted. The appellate court reversed, holding that the indictment should not have been dismissed on that ground, citing *Costello v. United States* (1956), 350 U.S. 359, 100 L. Ed. 397, 76 S. Ct. 406, and *People v. Jones* (1960), 19 Ill. 2d 37, 166 N.E.2d 1. See also *People v. Orr* (1956), 10 Ill. 2d 95, 139 N.E.2d 212, *cert. denied* (1957), 353 U.S. 987, 1 L.

Ed. 2d 1145, 77 S. Ct. 1290; *People v. Whitlow* (1980), 86 Ill. App. 3d 858, 411 N.E.2d 1354.

In *Costello v. United States*, the United States Supreme Court considered whether hearsay evidence alone could support an indictment and responded affirmatively, stating:

"If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. *An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.* The Fifth Amendment requires nothing more.

\* \* \* In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. *Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial.*" (Emphasis added.) 350 U.S. 359, 363-64, 100 L. Ed. 397, 402-03, 76 S. Ct. 406, 408.

The Illinois Supreme Court echoed these views in *People v. Jones* (1960), 19 Ill. 2d 37, 166 N.E.2d 1, and rejected an effort by defendant to inquire into the adequacy and competency of the evidence before a grand jury:

"The question then is whether it will further the administration of justice to permit defendants to challenge indictments on that ground. The law favors promptness in the dispatch of criminal business of the courts when in harmony with the effective protection of the rights of the accused and the interests of the public. The delay is great when an accused can assail an indictment on this ground and cause the trial court to review all the evidence presented to the grand jury, as was done in this case. Such procedure adds nothing to the assurance of a fair trial to which the accused is entitled. *We are of the opinion that the trial court should not inquire into the adequacy and competency of the evidence before the grand jury.*

In conclusion, we hold that it is neither necessary nor proper, in ruling upon a motion to quash an indictment, to consider the evidence before the grand jury." (Emphasis added.) (19 Ill. 2d 37, 43, 166 N.E.2d 1, 4-5.)

In *Jones* the court held that an indictment will not be quashed unless all of

the witnesses testifying before the grand jury were legally incompetent to do so. Even if some of the witnesses before a grand jury are found to have been incompetent, courts are still not permitted to undertake a "barren inquiry" into how far such testimony contributed to the finding of the indictment. *People v. Lambersky* (1951), 410 Ill. 451, 455, 102 N.E.2d 326, 328; *People v. Bladek* (1913), 259 Ill. 69, 71-72, 102 N.E. 243, 244.

The policy set forth in *Costello* and *Jones* was re-examined and approved by our supreme court in *People v. Hopkins* (1973), 53 Ill. 2d 452, 292 N.E.2d 418, and again in *People v. Creque* (1978), 72 Ill. 2d 515, 382 N.E.2d 793, *cert. denied* (1979), 441 U.S. 912, 60 L. Ed. 2d 384, 99 S. Ct. 2010; see also *United States v. Addington* (10th Cir. 1973), 471 F. 2d 560. It has been recently held that a defendant may not complain if a trial court refuses to review grand jury transcripts in passing upon a motion to dismiss. (*People v. Rivera* (1979), 72 Ill. App. 3d 1027, 1037-38, 390 N.E.2d 1259, 1267.) Indeed we have seen no Illinois authority granting a trial court the power to review the evidence presented to a grand jury, apart from those cases concerned with specific allegations of prosecutorial misconduct before the grand jury. (See *People v. Linzy* (1979), 78 Ill. 2d 106, 398 N.E.2d 1.) An inquiry on those grounds, however, would not require scrutiny of the weight, quality or sufficiency of the evidence nor amount to a judicial review of the determination made by a grand jury as suggested in the present case.

■■ We conclude the policy expressed in *Costello*, *Jones* and *Creque* precludes a trial court from reviewing the evidence presented to a grand jury to ascertain whether it was sufficient to support the return of an indictment. While defendants seem to concede they may not challenge the probable-cause determination of the grand jury insofar as the sufficiency of the evidence is concerned, they assert they may properly challenge the indictments for lack of any evidence. The distinction sought to be drawn appears to be one without a difference. The court would still necessarily have to burden itself by a review and analysis of all the evidence presented to a grand jury in order to determine if "any" evidence supported the charges returned by its indictment. We are reasonably certain that if such a requirement was sanctioned that a defendant would also then expect in such a review that the rules governing relevancy, materiality and the weight to be given to the evidence received by a grand jury would necessarily have to be applied by the court and that its rulings thereon would be subject to review. Where, as in the present case, the trial court was not satisfied with the sufficiency of the evidence presented to the grand jury, it would necessarily dismiss the charges and the State could only seek further appellate review of that determination. In neither the trial courts nor reviewing courts is the criminal justice system of Illinois prepared to

assume the additional layer of adversary litigation and review suggested by the procedures urged in this case. In our view the necessary protection of the rights of an accused will not suffer by its absence.

For these reasons the orders of the circuit court of Kane County are reversed and these causes are remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

REINHARD and VAN DEUSEN, JJ., concur.