THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* SCOTT LEE MILLER, Defendant-Appellee.

Second District    No. 80-741

Opinion filed September 15, 1981.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson and David S. Morris, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

The State appeals from an order of the circuit court of Kane County quashing the indictment against the defendant, Scott Lee Miller. The indictment returned by the grand jury had charged the defendant with reckless homicide. (Ill. Rev. Stat. 1979, ch. 38, par. 9—3(a).) The defendant filed a motion to quash the indictment. The defendant's motion recited that it was brought pursuant to sections 114—1(a)(5) and 114—1(a)(9) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, pars. 114—1(a)(5) and 114—1(a)(9)).

Section 114—1(a)(9) provides for the dismissal of an indictment if it is based solely on the testimony of an incompetent witness. Incompetent testimony before a grand jury is only that testimony given by a witness disqualified by law, such as complete mental derangement. (*People v. Jones* (1960), 19 Ill. 2d 37, 41-42.) The defendant's motion to quash makes no such allegations, nor did the trial court quash the indictment on the

basis of this section. Furthermore, on appeal the defendant has not asserted that section 114—1(a)(9) is an appropriate ground to quash the indictment. Therefore, we consider the motion as having been brought pursuant to section 114—1(a)(5) only.

Section 114—1(a)(5) provides, in substance, that upon a written, pretrial motion of the defendant, the court may dismiss a grand jury indictment if in returning the indictment the grand jury acted contrary to article 112 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1979, ch. 38, art. 112), and if such action resulted in a substantial injustice to the defendant.

The defendant's motion to quash alleges two violations of article 112. First, he alleges that the grand jury violated section 112—4(c) of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 112—4(c)) in that the assistant state's attorney, in response to questions asked by the grand jury, gave unsworn testimony. Secondly, the defendant alleges a violation of section 112—7 of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 112—7) in that testimony was given and discussions regarding proofs were held off the record.

The trial judge reviewed the transcript of the grand jury proceedings and dismissed the indictment on the grounds that section 112—4(c) and section 112—7 of the Code had been violated.

On appeal, the State first contends that the trial court erred in dismissing the indictment due to the alleged violation of section 112—7 of the Code. Section 112—7 provides: "A transcript shall be made of all questions asked of and answers given by witnesses before the grand jury." (Ill. Rev. Stat. 1979, ch. 38, par. 112—7.) In striking the indictment, the trial court construed section 112—7 as requiring that the entire proceedings before the grand jury, excluding the deliberative process of the grand jury itself, be recorded and transcribed. A reading of the section indicates that there is no such requirement. The section requires only that "all questions asked of and answers given by witnesses before the grand jury" be recorded and transcribed. Ill. Rev. Stat. 1979, ch. 38, par. 112—7; *People v. Haag* (1979), 80 Ill. App. 3d 135, 138.

The transcript of the grand jury proceeding did contain the sworn testimony of a witness named Ed Guzman. He testified that on August 1, 1980, while he was a passenger in an automobile driven by the defendant, the defendant, who was drunk and driving at an excessive rate of speed, struck and killed a pedestrian. A grand juror then inquired as to whether the defendant was given a breathalyzer test. The assistant state's attorney, who was not sworn as a witness, responded. He stated that the defendant had been given a breathalyzer test and that "the results were .17 and .18. Legal is .10." The grand juror also asked whether the defendant had made a statement to the police. Without being sworn, the prosecutor responded that the defendant had made a statement. Then, before the grand jury, he

summarized a statement that the defendant allegedly made to the police. The prosecutor summarized as follows:

"All he stated essentially was he was with Mr. Guzman. He corroborated Mr. Guzman's story that he left the house to go buy beer and that he was driving Mr. Guzman's car. They left Chris' Tap, and Mr. Miller said he was driving. He stated he then drove the car north on Hill which would have placed him in the area, then left on South. He denied having an accident and stated he never hit anybody. He was asked if he thought he was under the influence of liquor and unfit to drive. He stated he was and thought he was unfit to drive at the time he was driving."

Another grand juror then asked Mr. Guzman whether he owned the vehicle the defendant was driving. The witness replied, "I sold him the car." At the end of the proceedings, a grand juror made the following comments to Mr. Guzman:

"I wondered why you took a chance. We got it first that it was your car. We didn't know about the sale until you told us."

The defendant's motion to quash the indictment alleged that this juror's remark concerning the ownership of the vehicle indicated that there must have been testimony given off the record in violation of section 112—7. A fair reading of the entire transcript, however, indicates that the juror probably garnered the information concerning the ownership of the vehicle from the prosecutor's summary of the statement allegedly made by the defendant to the police.

In a motion to quash an indictment pursuant to section 114—1(c)(5), the burden of proving the violation of article 112 rests on the defendant and may not be based upon speculation. (*People v. Haag* (1979), 80 Ill. App. 3d 135, 138.) Moreover, the defendant must demonstrate that the impropriety resulted in a substantial injustice to the defendant. Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)(5).

■■ Because the juror's comment could easily be explained from an examination of the entire transcript, and because the defendant has produced no other evidence to indicate that there were unrecorded questions asked of or answers given by witnesses before the grand jury, the defendant has failed to demonstrate a violation of section 112—7. The trial court's finding that there was testimony off the record in violation of section 112—7 is against the manifest weight of the evidence.

The trial court also found that there was a violation of section 112—4(c) (Ill. Rev. Stat. 1979, ch. 38, par. 112—4(c)). This section requires the foreman to swear all witnesses. The defendant contended and the trial court correctly determined that the answers given by the prosecutor to questions asked by the grand jury were testimony and while such hearsay testimony can be presented to a grand jury (*People v.*

*Creque* (1978), 72 Ill. 2d 515, 522, *cert. denied* (1979), 441 U.S. 912, 60 L. Ed. 2d 384, 99 S. Ct. 2010), under section 112—4(c) it should not be presented by an unsworn witness (*People v. Curoe* (1981), 97 Ill. App. 3d 258, 268). The trial court correctly determined that the prosecutor's testimony violated section 112—4(c).

However, even if the defendant has proven a violation of section 112—4(c), dismissing an indictment is an extreme step which may not be taken unless the defendant can also demonstrate that the violation resulted in a substantial injustice to him. Ill. Rev. Stat. 1979, ch. 38, par. 114—1(c)(5); see *People v. Curoe* (1981), 97 Ill. App. 3d 258, 269; *People v. Haag* (1979), 80 Ill. App. 3d 135, 139.

The defendant contends that there was a substantial injustice in that the unsworn statements tended to add credibility to Guzman's assertions that the defendant was drunk at the time of the accident. The defendant further speculates that had there been no corroboration of Guzman's testimony, the grand jury may have pursued another line of questioning related to causation, *i.e.*, whether the steering or brakes could have been a factor in the accident.

We note that while Guzman's sworn testimony standing alone is sufficient to indicate that the defendant was drunk at the time of the accident, and, thus, produces considerable doubt that the corroborating, unsworn testimony caused any injury or prejudice to the defendant, we need not make such a determination. For in effect, defendant's assertion of injury requires this court to weigh the evidence, examine the credibility of a sworn, competent witness and speculate as to what the grand jury might have done. The courts have repeatedly refused to go behind an indictment to reweigh the competent evidence presented to the grand jury. (*People v. Creque* (1978), 72 Ill. 2d 515, *cert. denied* (1979), 441 U.S. 912, 60 L. Ed. 2d 384, 99 S. Ct. 2010; *People v. Jones* (1960), 19 Ill. 2d 37; *People v. Rodgers* (1981), 98 Ill. App. 3d 999.) To review the evidence presented to the grand jury as suggested by the defendant would be to invade the independence of the grand jury. (*United States v. Basurto* (9th Cir. 1974), 497 F.2d 781, 785.) In *People v. Rodgers* (1981), 98 Ill. App. 3d 999, 1004, this court stated:

> "Indeed we have seen no Illinois authority granting a trial court the power to review the evidence presented to a grand jury, apart from those cases concerned with specific allegations of prosecutorial misconduct before the grand jury. [Citation.] An inquiry on those grounds, however, would not require scrutiny of the weight, quality or sufficiency of the evidence nor amount to a judicial review of the determination made by a grand jury as suggested in the present case."

The additional review and analysis of the grand jury testimony sug-

gested by the defendant in this case would add only an unnecessary "additional layer of adversary litigation and review" (*People v. Rodgers* (1981), 98 Ill. App. 3d 999, 1005), and would "add nothing to the assurance of a fair trial." *Costello v. United States* (1956), 350 U.S. 359, 364, 100 L. Ed. 397, 403, 76 S. Ct. 406, 408.

If a defendant seeks to challenge an indictment under section 14—1(a)(5), he must show a substantial injury without requiring this court to invade the independence of the grand jury.

We emphasize that the defendant's motion to quash the indictment does not allege that the unsworn statements of the prosecutor were false or that the statements were intended to mislead the grand jury. Absent any such allegations, this court is impelled to conclude that the responses of the state's attorney, although improper, were not the vehicle of prosecutorial abuse. See *People v. Grew* (1979), 69 Ill. App. 3d 663, 669.

Moreover, section 114—1(a)(5) requires that the defendant demonstrate that the violation of article 112 resulted in a substantial injustice to him and not the mere possibility of an injustice. At most the defendant's argument here shows only a mere possibility of an injustice. That is not enough. See *People v. Lawson* (1977), 67 Ill. 2d 449, 459.

■■ Because the defendant has failed to demonstrate how he was substantially prejudiced by the unsworn statements made by the prosecutor in violation of section 112—4(c), the trial court erred in dismissing the indictment pursuant to section 114—1(a)(5).

■■ Finally the defendant asserts he was denied his constitutional rights to due process. The defendant correctly asserts that the trial court has the inherent authority to dismiss an indictment in a criminal case on a ground not enumerated in section 114—1 if there has been a clear denial of due process. (*People v. Lawson* (1977), 67 Ill. 2d 449, 455.) Under *Lawson*, however, the burden still is on the defendant to show that the prosecutorial misconduct resulted in a substantial prejudice to him. (*People v. Lawson* (1977), 67 Ill. 2d 449, 458-59. As noted earlier, we have determined that defendant has shown no substantial prejudice; therefore, the trial court erred in dismissing the indictment.

For these reasons the order of the circuit court of Kane County dismissing the indictment is reversed, and the indictment is reinstated, and this cause is remanded for further proceedings.

Reversed and remanded.

HOPF and UNVERZAGT, JJ., concur.