THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
SAM SCHROEDER, Defendant-Appellee.

Second District    No. 81-137

Opinion filed December 2, 1981.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

William J. Scott, Jr., of Mirabella and Kincaid, of Wheaton, for appellee.

JUSTICE NASH delivered the opinion of the court:

The State appeals from an order of the circuit court of Du Page County, dismissing five criminal complaints against defendant, Sam Schroeder, for failure of the State's Attorney to file informations on these offenses against defendant on a certain date pursuant to the court's earlier directive. We hold the court lacked authority to dismiss the complaints or bar the filing of informations and accordingly reverse.

Defendant was arrested on November 30, 1980, released on bond December 1, 1980, and six criminal complaints were filed against him on December 2, 1980, in which he was charged with the offenses of unlawful delivery of cannabis, unlawful delivery of a controlled substance, unlawful possession with intent to deliver cannabis, unlawful possession of a controlled substance and resisting a police officer. Following a preliminary hearing held on December 19, 1980, the trial court found probable cause as to each charge except the unlawful delivery of a controlled substance. Pursuant to the local Administrative Order No. 80—8, arraignment was set on the trial judge's docket for Friday, January 23, 1981, at which time the State's Attorney informed the court that no informations had yet been filed on the remaining five charges because the State had not yet received the requested laboratory reports on the substances, which it wished to examine before filing its informations. The court informed the prosecutor that if the informations were not filed on the following Monday, January 26, it would dismiss the charges and prohibit the State from filing any further informations on those charges in the future.

On January 26, the prosecutor informed the court that his office had received test results from the laboratory for only one substance; that the laboratory testing machinery had broken down and, consequently, no results were then available concerning the other substances; and that the State had no information to file at that time with respect to the one identified substance.

The State's Attorney advised the trial judge that while a "field test" of an alleged controlled substance may be positive, and sufficient for a finding of probable cause at a preliminary hearing, it was not always accurate. For this reason, the State did not wish to file informations on the charges until the laboratory confirmed the field-test results.

The trial court suggested that the better practice would have been for the State to have filed informations immediately after a preliminary hearing and then *nolle prossed* the charges if the laboratory reports, when received, were negative. The court requested defense counsel to offer grounds for dismissal of the charges, and counsel responded he knew of

no provision in the criminal code which might support dismissal of charges for failure of the State's Attorney to comply with an order to file an information by a certain date.

The trial court thereupon took note of Administrative Order No. 80—8 of the Eighteenth Judicial Circuit which provided, *inter alia*, that "undue delay in filing [an] information shall be grounds for dismissal of the charge and discharge of the defendant." It concluded that the *informations were not filed in accordance with the local rule* and the delay constituted a denial of defendant's right to due process. On its own motion, the court dismissed the five complaints pending against defendant and by its order barred the State from filing informations on those charges in the future. The State appeals from the order of dismissal.

The State contends that the court exceeded its authority when it dismissed the charges because the dismissal was not based upon any of the statutory grounds authorizing pretrial dismissal (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)) nor was there any evidence establishing a clear denial of due process which might warrant the court's exercise of its inherent authority to dismiss a criminal charge. The State also asserts defendant failed to show the delay in filing the informations worked actual and substantial prejudice to his defense, citing *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.

Defendant contends the court's action was authorized by the administrative order of the Eighteenth Judicial Circuit which was relied upon by the trial judge. He also asserts that *Lawson* is not controlling as the test it set forth governs pre-arrest, pre-accusation delay whereas the delay in defendant's circumstances occurred subsequent to his arrest and the filing of criminal charges against him on December 2, 1980, and denied him a prompt trial, citing *People v. Hannah* (1975), 31 Ill. App. 3d 1087, 335 N.E.2d 84.

■■ With few exceptions (see, *e.g., People v. Snyder* (1980), 81 Ill. App. 3d 721, 722, 402 N.E.2d 300, 301), which are inapplicable here, the trial court is authorized to dismiss criminal charges prior to trial only for the reasons set forth in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—1) or where there has been a clear denial of due process which prejudiced defendant. (*People v. Lawson* (1977), 67 Ill. 2d 449, 455-56, 367 N.E.2d 1244, 1246; *People v. Miller* (1981), 100 Ill. App. 3d 122, 127, 426 N.E.2d 609, 613-14; *People v. Rodgers* (1981), 98 Ill. App. 3d 999, 1001, 424 N.E.2d 1312, 1313; *People v. Mooar* (1981), 92 Ill. App. 3d 852, 854, 416 N.E.2d 81, 83; *People v. Haag* (1979), 80 Ill. App. 3d 135, 140, 399 N.E.2d 284, 288; *People v. Leannah* (1979), 72 Ill. App. 3d 504, 506, 391 N.E.2d 187, 189.) It is manifest that the court on its own motion, or on motion of the defendant, has no power to dismiss criminal charges before trial in the absence of a supreme court

rule, statute or a due process violation. See *People v. Rodgers* (1981), 98 Ill. App. 3d 999, 1001, 424 N.E.2d 1312, 1313; *People v. Guido* (1973), 11 Ill. App. 3d 1067, 1069, 297 N.E.2d 18, 20.

The reviewing courts of this State have cautioned trial judges to proceed with restraint in considering whether a due process violation has occurred and to so find only if it is unequivocally clear in nature and can be ascertained with certainty. (*People v. Lawson* (1977), 67 Ill. 2d 449, 456-57, 367 N.E.2d 1244, 1247; *People v. Rodgers* (1981), 98 Ill. App. 3d 999, 1001, 424 N.E.2d 1312, 1313; *People v. Grimm* (1979), 74 Ill. App. 3d 514, 516, 392 N.E.2d 1138, 1140.) Delay in a prosecution in the form of post-offense, pre-accusation delay (see *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244) and post-accusation delay rising to the level of a violation of the constitutional right to a speedy trial can under certain circumstances amount to a denial of due process (see *People v. Yaeger* (1980), 84 Ill. App. 3d 415, 406 N.E.2d 555; *People v. Nichols* (1978), 60 Ill. App. 3d 919, 377 N.E.2d 815).

■■ The *Lawson* standard relied upon by the State, however, does not apply under the facts of this case as the sixth amendment right to a speedy trial is applicable to undue delays occurring after defendant is first accused of crime by a personal restraint upon him through arrest or by the filing of an indictment, information or complaint charging him with the offense. (*Dillingham v. United States* (1975), 423 U.S. 64, 65, 46 L. Ed. 2d 205, 207, 96 S. Ct. 303, 304; *People v. Love* (1968), 39 Ill. 2d 436, 442, 235 N.E.2d 819, 823; *People v. Woodruff* (1980), 90 Ill. App. 3d 236, 239, 412 N.E.2d 1171, 1174.) Defendant was arrested on November 30, 1980, and charged initially by complaints filed two days later. The delay to which the trial judge directed his attention was the period between defendant's preliminary hearing on December 19, 1980, and his arraignment date of January 26, 1981. This period presented a possible constitutional speedy trial question rather than an issue of pre-accusation delay governed by *Lawson*.

■■ It is undisputed that none of the 10 grounds of dismissal specified in section 114—1 is applicable to the facts of this case. Furthermore, defendant did not allege any due process violation in the trial court or present a motion to dismiss based upon an alleged violation of his right to due process. It is also apparent that a constitutional speedy trial argument was not presented by defendant to the trial court. It appears to be first asserted on appeal in an effort to justify the order dismissing the complaints below. The time lapse between defendant's arrest and dismissal of the charges was slightly over one month, and it was occasioned by a prudent decision of the State's Attorney to withhold filing of the informations until he could verify the evidence against defendant. Moreover, defendant has neither alleged nor does the record establish that he

suffered prejudice as a result of the State's Attorney's failure to comply with the court's order to promptly file the informations. See *Barker v. Wingo* (1972), 407 U.S. 514, 530, 33 L. Ed. 2d 101, 117, 92 S. Ct. 2182, 2192; *People v. Bazzell* (1977), 68 Ill. 2d 177, 182, 369 N.E.2d 48, 50.

We conclude that as defendant's right to a prompt trial was not infringed under the circumstances of this case, it will not support dismissal of these complaints.

We turn finally to the local administrative rule which purports to authorize the trial court to dismiss criminal charges for failure of the State's Attorney to file informations when directed to do so by the court. ■■■ Circuit courts are empowered by Supreme Court Rule 21(a) (73 Ill. 2d R.21(a)) to adopt rules governing criminal cases which are consistent with the supreme court rules and statutes of this State. The circuit court also may make "rules for the orderly disposition of business before them as may be deemed expedient, *consistent with law.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 37, par. 72.28.) Any rule promulgated pursuant to these authorities, however, may not abrogate, limit or modify existing law. (*People ex rel. Carey v. Power* (1975), 59 Ill. 2d 569, 574, 322 N.E.2d 476, 480; see also *People v. Lindsay* (1952), 412 Ill. 472, 107 N.E.2d 614; *People ex rel. Chicago Bar Association v. Feinberg* (1932), 348 Ill. 549, 181, N.E. 437.) The administrative order relied upon by the trial court insofar as it purports to grant authority to dismiss a criminal case on these grounds modifies existing law and is invalid.

We conclude no violation of the statutory provisions permitting dismissal of criminal charges has occurred in this case, no clear denial of defendant's right to due process was established in the proceedings in the trial court, and the local administrative rule provided no authority for the order of dismissal.

Accordingly, the order dismissing those charges which were the subject of this appeal is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

REINHARD and VAN DEUSEN, JJ., concur.