THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY B. HARPER, Defendant-Appellant.

Fourth District   No. 4—92—0680

Opinion filed October 22, 1993.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In June 1992, a jury found defendant, Anthony B. Harper, guilty of aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, par. 12—16(d)), and the trial court sentenced him to 60 days in the county jail and two years of probation. He appeals, arguing that (1) the trial court improperly admitted other crimes evidence, and (2) he was denied due process of law because the jury's verdict may not have been unanimous.

We affirm.

## I. BACKGROUND

The State charged defendant with aggravated criminal sexual abuse, alleging that between December 25, 1991, and January 1, 1992, he knowingly committed an act of sexual penetration with C.H., who was then between 13 and 17 years old, while defendant was at least 5 years older than C.H. The charge specifically alleged as the act of sexual penetration that defendant inserted his penis in C.H.'s vagina. The jury essentially was presented with three entirely different versions of what happened: (1) C.H.'s trial testimony; (2) defendant's statements to Officer Jonathan Thomas of the Decatur police department two months after the incident; and (3) defendant's testimony when he took the stand in his own defense.

### A. C.H.'s Trial Testimony

C.H., a 14-year-old girl, testified that between December 25, 1991,

and January 1, 1992, she was visiting her infant daughter at the foster home of Blanche Shelton. At the time in question, C.H. was sleeping on the living room couch. She awoke when defendant began removing her pants. After taking them off, defendant got on top of her and inserted his penis into her vagina. After about a minute he ejaculated and got up, and she then dressed. At no point did either say anything to or struggle with the other.

### B. *Defendant's Statements to Officer Thomas*

In February 1992, Thomas interviewed defendant regarding this matter. During the interview, defendant initially denied having any type of sexual contact with C.H., although he claimed that she had tried on several occasions to seduce him. Later in this interview, however, he admitted that he was not completely truthful.

He then indicated that Shelton is his sister and that he had been at her house on the day in question playing cards and drinking. At some point, C.H. arrived to visit her baby. Later, defendant fell asleep on the couch, and was awakened by C.H. sucking his penis. However, he did not do or say anything to stop her. After a short while, he told C.H. he was about to ejaculate. She then got up and sat on him. His penis entered her vagina, and she began to move up and down. Defendant again did not attempt to stop her. Only when he began to ejaculate did he try to push C.H. away.

### C. *Defendant's Trial Testimony*

When defendant testified at trial, he denied ever having any sexual contact with C.H. Defendant also testified that he did not make the statements Thomas attributed to him regarding sexual conduct with C.H. His theory of the case was essentially that Thomas fabricated those statements and C.H. falsely accused him.

## II. ANALYSIS

### A. *Admission of Other Crimes Evidence.*

Defendant argues that the trial court erred in admitting his statement to Thomas about having oral sex with C.H. He claims that this evidence constituted impermissible other crimes evidence, requiring a reversal of his conviction and a new trial. We disagree.

The general rule is that testimony about other crimes committed by the defendant is not admissible to show his disposition or propensity to commit crime. (*People v. Illgen* (1991), 145 Ill. 2d 353, 364, 583 N.E.2d 515, 519.) Such evidence is admissible, however, for any rele-

vant purpose other than to show defendant's propensity to commit crime. (*Illgen*, 145 Ill. 2d at 365, 583 N.E.2d at 519; *People v. Maxwell* (1992), 148 Ill. 2d 116, 130, 592 N.E.2d 960, 967.) When a party offers such evidence, the trial court must first weigh it and may exclude it if its prejudicial effect substantially outweighs its probative value. (*Illgen*, 145 Ill. 2d at 365, 583 N.E.2d at 519.) Furthermore, the party offering the evidence must show that a crime actually occurred and that defendant committed it or participated in its commission. *People v. Lucas* (1992), 151 Ill. 2d 461, 486, 603 N.E.2d 460, 471.

The admissibility of evidence at trial is a matter left to the sound discretion of the trial court, and this court will not overturn the trial court's decision absent a clear abuse of discretion. (*Illgen*, 145 Ill. 2d at 364, 583 N.E.2d at 519.) This rule includes evidence of defendant's other crimes. (*Maxwell*, 148 Ill. 2d at 130, 592 N.E.2d at 967.) An abuse of discretion will be found only where the trial court's decision is arbitrary, fanciful, or where no reasonable person would take the view adopted by the trial court. (*Illgen*, 145 Ill. 2d at 364, 583 N.E.2d at 519.) To warrant a reversal, the abuse of discretion must result in manifest prejudice to the defendant. *People v. Breton* (1992), 237 Ill. App. 3d 355, 363, 603 N.E.2d 1290, 1296.

■ The evidence of oral sex between defendant and C.H. was admissible under at least two exceptions to the general rule against other crimes evidence. First, this evidence was admissible as part of a continuing narrative of the event giving rise to the offense. In *People v. Collette* (1991), 217 Ill. App. 3d 465, 472, 577 N.E.2d 550, 555, this court recently held as follows:

> "When facts concerning uncharged criminal conduct are all part of a continuing narrative which concerns the circumstances attending the entire transaction, they do not concern separate, distinct, and unconnected crimes. [Citation.] Evidence of other crimes is admissible 'if such evidence is intertwined with the offense charged.' (*People v. Garrison* (1986), 146 Ill. App. 3d 592, 593, 496 N.E.2d 535, 536.)"

(See also *People v. Lewis* (1993), 243 Ill. App. 3d 618, 625-26, 611 N.E.2d 1334, 1339 ("[e]vidence of other crimes can be admissible if it is intertwined with the instant offense or where it relates to the events which *** led to the charged offense").) Defendant's statement to Thomas regarding oral sex as a prelude to vaginal intercourse with C.H. constituted a continuing narrative of events from his perspective. Defendant's statements relate to the events which led, in his version, to vaginal intercourse.

Also, in sex-related cases, evidence of other sexual acts between a defendant and complainant is admissible to show the relationship and familiarity of the parties. (*People v. Cregar* (1988), 172 Ill. App. 3d 807, 821-22, 526 N.E.2d 1376, 1386; *People v. McCarthy* (1991), 213 Ill. App. 3d 873, 881, 572 N.E.2d 1219, 1224.) Because it shows the intimacy of the relationship, it is admissible even though the relationship or degree of familiarity is not at issue. (*Cregar*, 172 Ill. App. 3d at 822, 526 N.E.2d at 1386.) The relationship between defendant and C.H. was, on its face, not one of great familiarity. Defendant occasionally spent time at the home of his sister (Shelton), and C.H. visited her daughter there. While the jury could infer the two knew each other in passing, defendant's statement regarding oral sex and sexual intercourse certainly sheds light on their relationship and degree of familiarity. The evidence was admissible for that purpose.

Defendant contends that regardless of any probative value, this evidence was overly prejudicial and therefore should have been excluded. Defendant cites our holding in *People v. Holm* (1989), 188 Ill. App. 3d 908, 544 N.E.2d 1237, in support of his claim. Evidence of defendant's other crimes will not be admitted if its probative value is substantially outweighed by its prejudicial effect. (*Illgen*, 145 Ill. 2d at 365, 583 N.E.2d at 519.) We find *Holm* distinguishable.

In *Holm*, the defendant was charged with the aggravated criminal sexual abuse of L.H., his minor daughter. During trial, the State sought to admit some provocative photographs taken by the defendant of the victim's adult sister. The pictures were taken at a different time than when the defendant's abuse of L.H. occurred. Also, the adult daughter testified that the pictures were taken for her boyfriend in the Navy, and that she and the defendant had never engaged in any form of sexual contact. (*Holm*, 188 Ill. App. 3d at 912-13, 544 N.E.2d at 1241.) We held that because of their extreme remoteness to the offense charged, the pictures were not admissible for any purpose offered by the State, and that any probative value was insignificant in light of their obvious prejudicial effect. *Holm*, 188 Ill. App. 3d at 918, 544 N.E.2d at 1245.

Here, the subject of defendant's other crimes is the same victim as in the charged offense. Further, the evidence of other crimes was not remote in time or place from the charged conduct; rather, that evidence was part of the same intertwined series of events. Although this evidence may tend to show defendant as a sex offender, it shows him as one with regard to the very course of conduct with which he was charged—the sexual penetration of C.H. In light of the totality of the evidence, we cannot say as a matter of law that the clear proba-

tive value of this evidence was substantially outweighed by its potential prejudicial effect.

## B. *The Jury Verdict*

■ Defendant also complains that the jury verdict may not have been unanimous because of the other crimes evidence. Defendant notes that the charge against him specifically alleged vaginal intercourse. He argues that some of the jurors could have voted to convict based upon the evidence of vaginal intercourse while others could have voted based upon the evidence of oral sex. Thus, defendant raises two interconnected claims: (1) the State must prove the specific form of penetration alleged in the information; and (2) the jury must be unanimous in finding him guilty of that specific conduct. We disagree with both of these contentions.

Following the pattern jury instructions, the trial court instructed the jury on the elements of aggravated criminal sexual abuse and the definition of sexual penetration. (Illinois Pattern Jury Instructions, Criminal, Nos. 11.38, 11.65 (2d ed. Supp. 1989) (hereinafter IPI Criminal 2d (Supp. 1989)).) These instructions however, did not specifically include the allegation of sexual intercourse.

The trial court instructed the jury, in pertinent part, as follows:

"A person commits the offense of aggravated criminal sexual abuse when he commits an act of sexual penetration with a victim who is at least 13 years of age but under 17 years of age when the act was committed and he was at least 5 years older than the victim."

"The term 'sexual penetration' means any contact, however slight, between the sex organ of one person and the sex organ of another person, including but not limited to cunnilingus, fellatio, or anal penetration. Evidence of emission of semen is not required to prove sexual penetration."

See IPI Criminal 2d Nos. 11.38, 11.65 (Supp. 1989).

At trial, defendant objected to these instructions because they did not include the specific allegation of sexual intercourse. He contended then (and now on appeal) that because this conduct constituted an element the State must prove beyond a reasonable doubt, the trial court erred by failing to include it in the instructions to the jury.

The law in Illinois has long been contrary to defendant's position. In a case involving sexual penetration, the specific type of penetration is not an element of the offense. (*People v. Carter* (1993), 244 Ill. App. 3d 792, 803-04, 614 N.E.2d 452, 460.) Instead, the State's burden is only to show that some type of penetration occurred between

the defendant and victim. The inclusion of specific conduct constituting sexual penetration in a charging instrument is mere surplusage. (*Carter*, 244 Ill. App. 3d at 803-04, 614 N.E.2d at 460.) As the *Carter* court held:

> "If the statutory language used describes specific conduct, it is unnecessary for the indictment to specify the exact means by which the conduct was carried out. The State need only prove that a type of sexual penetration occurred beyond a reasonable doubt." *Carter*, 244 Ill. App. 3d at 804, 614 N.E.2d at 460.

Here, C.H. testified to having sexual intercourse with defendant. Defendant's statements to Thomas also described, in some detail, acts of oral sex as well as vaginal intercourse with C.H. Both of these courses of conduct constitute sexual penetration. As such, the jury could properly have convicted him based upon the evidence of *either* the oral sex or vaginal intercourse.

Defendant also complains that because the jury could have considered both the vaginal intercourse as well as the oral sex, its verdict may not have been unanimous as to which act the State proved beyond a reasonable doubt. Defendant thus asserts that the jury must be unanimous regarding the facts underlying the verdict as well as regarding the ultimate verdict itself.

Again, the law does not support defendant's position. In rendering its verdict, the jury need not be unanimous in its theory of the case; it must only be unanimous in determining defendant's ultimate guilt or innocence. (*People v. Griffin* (1993), 247 Ill. App. 3d 1, 12, 616 N.E.2d 1242, 1250; *People v. Diaz* (1993), 244 Ill. App. 3d 268, 271, 614 N.E.2d 268, 271.) Thus, the jury did not need to unanimously believe any one theory of facts underlying its decision. Instead, it must only have been unanimous as to its conclusion that defendant was guilty of aggravated criminal sexual abuse. We note that after announcing the verdict, the trial court polled the jury and concluded that each juror individually supported the verdict. Thus, although they may have taken different paths, each juror reached the conclusion that defendant was guilty of the offense charged.

We also note that the United State Supreme Court recently addressed a similar issue and found that "when a single crime can be committed in various ways, jurors need not agree upon the mode of commission." (*Schad v. Arizona* (1991), 501 U.S. 624, 649, 115 L. Ed. 2d 555, 577, 111 S. Ct. 2491, 2506 (Scalia, J., concurring in part and concurring in the judgment).) The defendant in *Schad* was convicted of first degree murder. The prosecution argued both premedita-

tion and felony murder, and the jury returned a general verdict of guilty without indicating upon which theory it relied.

The Court framed the issue as whether the jury could reach its unanimous verdict based on alternate findings underlying that decision. In discussing the issue, it stated as follows:

"We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission ***. In these cases, *** 'different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict.'" *Schad*, 501 U.S. at 631-32, 115 L. Ed. 2d at 565, 111 S. Ct. at 2497 (plurality opinion), quoting *McKoy v. North Carolina* (1990), 494 U.S. 433, 449, 108 L. Ed. 2d 369, 384-85, 110 S. Ct. 1227, 1236-37 (Blackmun, J., concurring).

Citing the holding of this court in *People v. Travis* (1988), 170 Ill. App. 3d 873, 891, 525 N.E.2d 1137, 1147-48, the Court further noted that the jury need not agree upon which theory the defendant is guilty, but rather "'it [is] sufficient that each juror [is] convinced beyond a reasonable doubt that the defendant had committed the crime ***.'" (*Schad*, 501 U.S. at 641, 115 L. Ed. 2d at 571, 111 S. Ct. at 2502 (plurality opinion), quoting *People v. Sullivan* (1903), 173 N.Y. 122, 127, 65 N.E. 989, 989-90.) Thus, the jury need only be unanimous with respect to defendant's ultimate guilt or innocence, regardless of any agreement on the underlying conduct. We reaffirm that holding and reject defendant's argument.

## III. Conclusion

For the reasons stated above, the judgment of the trial court is affirmed.

Affirmed.

KNECHT and GREEN, JJ., concur.