THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE McFARLAND, a/k/a RaHeem, Defendant-Appellant.

Fourth District   No. 4—93—0164

Opinion filed March 3, 1994.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Jim Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In December 1992, a jury convicted defendant, Maurice McFarland, of aggravated battery on a public way (Ill. Rev. Stat. 1991, ch. 38, par. 12—4(b)(8)), and the trial court later sentenced him to 42 months in prison. Defendant appeals, arguing that reversible error occurred when the trial court improperly (1) instructed the jury, and (2) permitted the State to introduce evidence depicting him as a drug pusher.

We affirm.

## I. BACKGROUND

At defendant's trial, the State called only Sheritta Newbern and her mother, Annie Newbern. Sheritta testified that she was 15 years old and in June 1992, lived in Birch Village, a public housing complex in Champaign. On June 26, 1992, as Sheritta stood by a dumpster on the parking lot at Birch Village waiting for her cousin, defendant walked up to her and said that she could not stand there unless Sheritta "was with him." Sheritta responded that she could stand there because she lived there. She said that defendant then struck her with the back of his hand on her right cheek, causing her face to hurt, and she started crying. She also said her face became swollen. Sheritta then went back into her house as her mother came outside.

Annie Newbern testified that on June 26, 1992, she saw her daughter screaming and crying. Sheritta told her that defendant had hit her in the face. Ms. Newbern further testified that defendant hit Sheritta hard enough to cause welts on her face. After Sheritta was struck, Ms. Newbern went out of the house to talk to defendant, but he and his friends walked away and left the area. Ms. Newbern further testified that on July 8, 1992, defendant came to her residence in Birch Village and tried to convince her to get Sheritta to say that defendant had not hit her.

Calvin Hartfield testified as a defense witness that he was a friend of defendant and had spent all of June 26, 1992, with him celebrating Hartfield's birthday. Hartfield saw defendant strike no one that day. Hartfield, who was convicted of a felony in July 1992, admitted on cross-examination that his birthday was June 10. He nonetheless continued to claim that he and defendant celebrated his birthday on June 26.

Defendant testified that he had been convicted of a felony in January 1991. He testified that he knew Sheritta but never struck her, nor had he ever had a physical confrontation with her.

## II. EVIDENCE DEPICTING DEFENDANT AS A DRUG PUSHER

Defendant first argues that the trial court committed reversible error by permitting the State to present evidence depicting him as a drug pusher. The State presented this evidence through Sheritta's testimony about her conversation with defendant a few weeks prior to June 26, 1992, the date defendant committed the aggravated battery. Sheritta testified that in this conversation, which also occurred in Birch Village, defendant asked her to sell "dope" for him, but she refused. Defendant points out that the prosecutor used this testimony in his closing argument. The prosecutor claimed that defendant tried to enlist Sheritta to sell drugs, and that because she refused to do so, when defendant saw her standing by the dumpster two weeks later, he informed her that if "she wasn't with him," she could not stand there. Sheritta's scornful response to defendant's statement led to defendant's striking her in the face.

Defendant argues that the evidence of his earlier request to Sheritta that she sell drugs for him "had absolutely no relevance to the crime of aggravated battery with which he was charged, [and that] these prejudicial and inflammatory references constituted reversible error." We disagree.

■ In *People v. Coleman* (1994), 158 Ill. 2d 319, 333, the Supreme Court of Illinois recently addressed the admissibility of other-crimes evidence and wrote the following:

> "Evidence of other crimes in which a defendant may have participated is not admissible to show the defendant's propensity to commit crime. Such evidence, however, is admissible if relevant for any other purpose such as *modus operandi*, proof of motive, intent, identification, or absence of mistake. [Citation.] In fact, evidence of other crimes is admissible if relevant for any purpose other than to show propensity to commit crime."

The decision whether to admit other-crimes evidence lies within the sound discretion of the trial court. (*People v. Harper* (1993), 251 Ill. App. 3d 801, 804, 623 N.E.2d 775, 777.) We hold that the trial court did not abuse its discretion by permitting the State to elicit Sheritta's testimony that defendant asked her to sell drugs for him. Clearly, that request and Sheritta's refusal set the stage for the confrontation that occurred on June 26 when defendant struck Sheritta. Without this testimony, Sheritta's version of the events on June 26 might appear improbable because of the absence of any motive on defendant's part to strike her.

### III. THE FAILURE OF THE ISSUES INSTRUCTION TO CONTAIN A MENTAL STATE

Defendant next argues that reversible error occurred because the issues instruction the trial court submitted to the jury failed to contain the requisite mental state. That instruction, supposedly based upon Illinois Pattern Jury Instructions, Criminal, No. 11.16 (3d ed. 1992) (hereafter IPI Criminal 3d), reads as follows:

"To sustain the charge of aggravated battery, the State must prove the following propositions:

*First Proposition*: That the defendant caused bodily harm to Sheritta S. Newbern; and

*Second Proposition*: That when the defendant did so Sheritta S. Newbern was on or about a public way, public property, or public place of accommodation or amusement.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

Defendant correctly points out that the first proposition to IPI Criminal 3d No. 11.16, as applied to the present case, should have read as follows: "That the defendant *knowingly* caused bodily harm to Sheritta S. Newbern." (Emphasis added.) Defendant concedes that he did not object at trial to this faulty instruction but, citing *People v. Ogunsola* (1981), 87 Ill. 2d 216, 429 N.E.2d 861, he argues that the trial court's error in giving this instruction is so grave and fundamental that the waiver rule does not apply.

In response, the State concedes that the instruction given was erroneous but contends that the error does not amount to plain error. We agree with the State.

Generally, a defendant waives any contention with regard to a faulty instruction by not making a contemporaneous objection. (See *People v. Jordan* (1993), 247 Ill. App. 3d 75, 93, 616 N.E.2d 1265, 1278.) As the *Jordan* court explained, "Supreme Court Rule 451(c) carves a thin exception to this precept to provide a plain error rule for instructions only where necessary to ensure the fundamental fairness of a trial." (*Jordan*, 247 Ill. App. 3d at 93, 616 N.E.2d at 1278.) Citing *Ogunsola*, the court in *Jordan* continued its analysis as follows:

"Defendant must show that the omission [in the instruction given] is a grave error and that the case is factually close. [Citation.] In other words, it must be apparent that the failure to instruct the jury properly stood a fair chance of affecting the outcome of the

case. Surely that cannot be said here." *Jordan*, 247 Ill. App. 3d at 93, 616 N.E.2d at 1278.

The *Jordan* court could not conclude on the facts before it that the failure to properly instruct the jury stood a fair chance of affecting the outcome in that case. In the present case, we conclude that the failure to properly instruct the jury stood no chance of affecting the outcome.

■ Defendant presented the defense of alibi, challenging that he struck Sheritta, but not challenging that someone had done so. On these facts, we find the absence of the word "knowingly" from the phrase that "the defendant caused bodily harm to Sheritta" could not have misled the jury or affected the outcome.

Citing *People v. Conley* (1989), 187 Ill. App. 3d 234, 242, 543 N.E.2d 138, 143, defendant argues that the mental state of knowledge under the aggravated battery statute required the State to prove that defendant knew that the injury Sheritta suffered was "practically certain to be caused by his conduct." In support of this argument, defendant also cites section 4—5(b) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 4—5(b)), defining "knowledge." We first note that the *Conley* court construed section 12—4(a) of the Code, defining aggravated battery as occurring under circumstances when the offender "knowingly causes *** permanent disability." (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(a).) The court held that "[b]ecause the offense is defined in terms of result," the State had to prove that the defendant had a conscious objective to achieve that harm or that it was practically certain to result. *Conley*, 187 Ill. App. 3d at 242, 543 N.E.2d at 143.

Even setting aside the differences between this case and *Conley*, we find defendant's argument singularly unpersuasive. The trier of fact in this case hardly needed the parsing of words and legal concepts in order to determine that when a young man strikes a 15-year-old-girl in the face, he is going to cause "bodily harm," and he knows it. Further, we note that the definitional instruction of aggravated battery given by the trial court that immediately preceded the issues instruction correctly defined that offense as occurring when a person "*knowingly* and by any means causes bodily harm to another person." (Emphasis added.) See IPI Criminal 3d No. 11.15.

The supreme court recently reaffirmed that the plain error exception "may be invoked only when the evidence is closely balanced or the alleged error denied the defendant a fair trial." (*People v. Childress* (1994), 158 Ill. 2d 275, 300.) We hold that neither of these conditions is present here. The error in the instructions did not deny defendant a fair trial, and the evidence was not closely balanced.

484

## IV. CONCLUSION

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

COOK and LUND, JJ., concur.