(No. 30924.—

The People of the State of Illinois, Defendant in Error, *vs.* William Wheeler, Plaintiff in Error.

*Opinion filed March 24, 1949—Rehearing denied May 11, 1949.*

William Wheeler, *pro se.*

George F. Barrett, Attorney General, of Springfield, (L. A. Mehrhoff, State's Attorney, of Carrollton, of counsel,) for the People.

Mr. Justice Simpson delivered the opinion of the court:

On March 28, 1947, plaintiff in error, William Wheeler, was sentenced to the Illinois State Penitentiary by the circuit court of Greene County for the offense of larceny. He brings this writ of error *pro se.*

The assignment of errors urges four grounds for reversal. (1) The trial court erred in consolidating the offenses of embezzlement, larceny by bailee, and grand larceny, in one proceeding. (2) The grand jury could not lawfully return an indictment found on the testimony of only one witness. (3) The judgment is erroneous because it was rendered on a general finding of larceny where the indictment charged only embezzlement. (4) The court erred in giving oral instructions in lieu of written instructions as required by statute.

Only the common-law record has been presented for review. This does not contain anything regarding the instructions or other proceedings occurring at the trial. The court, therefore, cannot pass upon the fourth assignment of error, since there is nothing before the court from which the error assigned could be determined. *People* v. *Burnett,* 395 Ill. 179.

The indictment contains two counts. One count alleges that plaintiff in error fraudulently and feloniously embezzled and fraudulently converted to his own use one bull of the value of $150, the personal chattel property of one Charles H. Brown, which had been loaned to plaintiff in error. The other count was practically the same except it charged that the personal property of one Charles Brown had been entrusted to plaintiff in error as bailee. An indictment in substantially the same form has been held sufficient to charge the offense of larceny by bailee. (*McCracken* v. *People,* 209 Ill. 215.) Plaintiff in error was charged with only one offense and his complaint that he was compelled to defend himself against charges of three separate crimes is without foundation in the record. However, plaintiff in error's contention would not have been good even if the indictment had contained three separate counts charging the offenses of larceny by bailee, embezzlement, and grand larceny. The provisions of the statute (Ill. Rev. Stat. 1945, chap. 38, pars. 207, 395,) which

define the offenses of larceny by embezzlement and larceny by bailee, declare that one who commits such offenses shall be deemed guilty of larceny. While each constitutes a separate offense under the statute and evidence of one offense will not support a conviction under a count charging the other offense, yet a general finding of guilty of larceny is sufficient if the evidence warrants a conviction under any count. (*People* v. *Moses*, 375 Ill. 336; *People* v. *Greben*, 352 Ill. 582.) Plaintiff in error was charged with the single offense of larceny by bailee and was found guilty in manner and form as charged in the indictment. There is no merit in the first and third assignments of error.

Plaintiff in error's contention that the indictment must be found upon the testimony of more than one witness is likewise without merit. The statute specifically provides that the grand jury may find an indictment on the oath of one witness, except in cases of treason and perjury. (Ill. Rev. Stat. 1945, chap. 38, par. 715.) The statute also requires that the foreman of the grand jury shall note on the indictment "the name or names of the witness or witnesses upon whose evidence the same shall have-been found." (Ill. Rev. Stat. 1945, chap. 78, par. 17.) The name of one witness was endorsed on the back of the indictment. This was sufficient to comply with the statute. (*Andrews* v. *People*, 117 Ill. 195; *People* v. *Bladek*, 259 Ill. 69.) The competency of the witness noted on the indictment is not questioned by plaintiff in error. We have held that unless all the witnesses appearing before the grand jury were incompetent this court will not inquire into the sufficiency of the evidence to support the return of an indictment. *People* v. *Price*, 371 Ill. 137; *People* v. *Bladek*, 259 Ill. 69; *People* v. *Duncan*, 261 Ill. 339.

For the reason that there is no error apparent in the record, the judgment of the circuit court of Greene County is affirmed.

*Judgment affirmed.*